47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tanya SMITH, Defendant-Appellant.
 No. 93-50768.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1995.*
Decided Feb. 24, 1995.
 
 1
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Tanya Smith appeals the ninety-two-month sentence imposed upon her by the district court after her plea of guilty to one count of conspiracy, fourteen counts of interstate transportation of money obtained by fraud, one count of bank fraud, and thirteen counts of money laundering. We affirm in part and dismiss in part for lack of jurisdiction.
 
 DISCUSSION
 1. Supervisor or Manager
 
 4
 The district court adjusted Smith's offense level upward three levels pursuant to U.S.S.G. Sec. 3B1.1(b).[1]
 
 
 5
 The district court did not clearly err in finding the scheme to have been extensive or to have involved at least five participants. Application note 3 to Sec. 3B1.1 states that in determining whether a scheme was extensive, the court should consider not only its participants but also those who were duped into lending their services unwittingly. Here, numerous runners were persuaded by Smith to participate in the scheme. At least twelve runners are identified by name in the indictment against Smith and her codefendant, William Powers, as having played a role--whether knowing or not--in the scheme, and numerous other unidentified runners are referred to. See United States v. Leung, 35 F.3d 1402, 1406-07 (9th Cir.1994), cert. denied, 63 U.S.L.W. 3563 (Jan. 23, 1995). The government demonstrated that the scheme was "extensive" by a preponderance of the evidence. See United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990).
 
 
 6
 A preponderance of the evidence also demonstrates that Smith played a supervisorial or managerial role in the scheme. According to Smith's own testimony, given at Powers' trial, it was always she, not Powers, who telephoned the victim banks to arrange for the wiring of funds and who recruited and instructed runners. See United States v. Hernandez, 952 F.2d 1110, 1119 (9th Cir.1991), cert. denied, --- U.S. ----, 113 S.Ct. 334, 121 L.Ed.2d 252 (1992); United States v. Koenig, 952 F.2d 267, 274 (9th Cir.1991). She also kept a notebook in which she recorded the fraudulent transactions she and Powers were perpetrating. A defendant's contemporaneous detailed notes on a scheme can serve as evidence that the person played a managerial role. See Koenig, 952 F.2d at 274.
 
 
 7
 Smith supervised and managed actual participants in the scheme--i.e., people who were in some way criminally responsible for it--not just unwitting dupes. For example, the evidence indicates that Smith instructed Beulah Walker, who pled guilty to wire fraud in connection with actions she took in furtherance of this scheme. The district court did not err--much less clearly--when it applied the three-level adjustment pursuant to Sec. 3B1.1(b).
 
 2. Criminal History Category
 
 8
 Smith contends that the district court erred when it included her prior conviction for prison escape in the calculation of her criminal history category under Sec. 4A1.1.
 
 
 9
 She concedes, however, that even if the district court erred and the three points added for the escape conviction were deducted, she would still have fifteen points and would thus remain in criminal history category VI. Moreover, she was sentenced at the lowest point in the applicable guideline range. Accordingly, any error committed by the district court when it calculated Smith's criminal history category was necessarily harmless, and we need not consider the merits of Smith's argument. See United States v. Rutledge, 28 F.3d 998, 1003-04 & n. 7 (9th Cir.), petition for cert. filed, Dec. 27, 1994.
 
 3. Downward Departure
 
 10
 At sentencing, Smith suggested that the court depart downward under two provisions of the Sentencing Guidelines: (1) Sec. 5K2.0, because Smith had cooperated with the government in two separate investigations; and (2) Sec. 5K2.12, because Powers had frequently beaten her, which, she stated, subjected her to "incomplete duress." She has abandoned the first argument on appeal.
 
 
 11
 Smith relies on the district court's statement that "I don't find that we are in the area that was not considered by the Sentencing Commission, so I will not depart based on that" to support her argument that the trial court erroneously believed that it could not depart on the basis of incomplete duress. However, it is clear from the context of the statement--and the fact that it tracks the language of Sec. 5K2.0 almost verbatim--that the court was referring to Smith's argument concerning her cooperation with the government, not her argument about incomplete duress.
 
 
 12
 Moreover, the court unambiguously stated that Smith did not deserve a lesser sentence. When a court indicates that a defendant has received the sentence she deserves, we can assume that the court recognized its discretion to depart downward but chose not to exercise it. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1190 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 258, 121 L.Ed.2d 189 (1992); Koenig, 952 F.2d at 274. At any rate, there is no reason to believe that the court would depart.
 
 
 13
 We lack jurisdiction to review a district court's discretionary refusal to depart downward, which this clearly was. Reyes-Alvarado, 963 F.2d at 1189. Thus, we dismiss this claim.
 
 
 14
 AFFIRMED in part and DISMISSED for lack of jurisdiction in part.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 All references are to the November 1, 1992, version of the Sentencing Guidelines