86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
N. Ray KALYAN, Defendant-Appellant.
 No. 95-30232.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 N. Ray Kalyan appeals his 22-month sentence imposed following his conviction for making false statements in connection with a loan and four counts of bank fraud, in violation of 18 U.S.C. §§ 1014, 1344. Kalyan contends that the district court erred by denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's determination to grant or deny the defendant an acceptance of responsibility reduction. United States v. Rutledge, 28 F.3d 998, 1000 (9th Cir.1994), cert. denied, 115 S.Ct. 1161 (1995).
 
 
 4
 The Guidelines provide a two level reduction "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." U.S.S.G. § 3E1.1(a) (1995). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, comment (n. 2). A defendant, however, is not required to plead guilty to obtain the reduction. U.S.S.G. § 3E1.1, comment (n. 2); United States v. McKinney, 15 F.3d 849, 852 (9th Cir.1994).
 
 
 5
 In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).
 
 
 6
 U.S.S.G. § 3E1.1, comment (n. 2).
 
 
 7
 Kalyan argues that the district court erred by denying him a reduction for acceptance of responsibility because this case presents one of those rare situations in which the defendant is entitled to a reduction for acceptance of responsibility despite the fact that he chose to go to trial. We disagree.
 
 
 8
 Kalyan initially pleaded guilty and then withdrew his plea because the presentence report relied upon uncharged conduct in calculating his sentence. Unlike the defendant in McKinney, 15 F.3d 852, Kalyan wanted to go to trial, he offered a defense to the crime, and put on defense witnesses. Accordingly, the district court did not clearly err by denying an acceptance adjustment. See Rutledge, 28 F.3d at 1000.
 
 
 9
 While the district court did not abuse its discretion, the public defender performed her obligations fairly and well when she appealed this case. It is most unfitting for the Assistant United States Attorney to represent to this court that "this appeal.... is frivolous, and represents and abuse of process."
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3