108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fidel MACIAS-MUNOZ, Defendant-Appellant.
 No. 96-50291.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1997.*
Decided Feb. 12, 1997.
 
 1
 Before: BOOCHEVER, KOZINSKI, and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Fidel Macias-Munoz appeals the denial of a three point sentence reduction under U.S.S.G. § 2L1.1(b)(1) for lack of a profit motive. We affirm.
 
 
 4
 The district court's factual findings in the sentencing phase are reviewed for clear error. See, e.g., United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996) (safety valve provision). A district court's evaluation of the reliability of evidence used for sentencing purposes is reviewed for an abuse of discretion. United States v. Ponce, 51 F.3d 820, 828 (9th Cir.1995).
 
 
 5
 The district court found that Macias-Munoz was engaged in smuggling for profit after determining that his testimony to the contrary was not credible.
 
 
 6
 The district court correctly relied on the defendant's past record and the circumstances of the crime in determining the credibility of Macias-Munoz' testimony. The district court has wide latitude in what evidence it uses during sentencing. 18 USC 3661; U.S.S.G. § 6A1.3(a). The district court did not exceed this latitude by using prior convictions as evidence of credibility. See United States v. Rutledge, 28 F.3d 998, 1004 (9th Cir.1994), cert. denied, 115 S.Ct. 1161 (1995).
 
 
 7
 The district court expressly disclaimed any reliance on the defendant's invocation of the Fifth Amendment. The court's discussion of Macias-Munoz' silence merely hypothesized a situation which would have indicated higher reliability. Had Macias-Munoz insisted from the beginning that he was aiding the smugglers only for his own passage and not for profit his story would have had more credibility. Macias-Munoz' silence has not been used to undermine his credibility. Rather, the district court noted that his silence turned out to be a missed opportunity for Macias-Munoz.
 
 
 8
 The district court did not abuse its discretion in determining that Macias-Munoz' testimony was unreliable nor did it commit clear error in finding that Macias-Munoz was smuggling aliens for profit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3