139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Leonardo JUAREZ-JUAREZ, Defendant-Appellant.
 No. 97-50303.
D.C. No. CR-96-01279-MLH.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 20, 1998.
Submitted February 9, 1998**.
 
 Appeal from the United States District Court for the Southern District of California Marilyn L. Huff, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leonardo Juarez-Juarez appeals his 46-month sentence imposed by the district court after he pleaded guilty to conspiracy to bring in and transport illegal aliens, in violation of 18 U.S.C. § 371 and 8 U.S.C. 1324(a)(1)(A)(i) and (ii), and transportation of illegal aliens resulting in death, in violation of 8 U.S.C. §§ 1324(a)(1)(B)(iii) and (iv). We have jurisdiction pursuant to 28 U.S .C. § 1291. We review the district court's decision to depart from the Sentencing Guidelines for abuse of discretion, see United States v. Sablan, 114 F.3d 913, 915-16 (9th Cir.1997) (en banc), cert. denied, --- U.S. ----, 118 S.Ct. 851, 139 L.Ed.2d 752, 66 U.S.L.W. 3178 (U.S. Jan 20, 1998) (No. 97-382), and we affirm.
 
 
 3
 The district court departed upward based on Juarez's role in the death of an illegal alien that Juarez conspired to smuggle. Juarez contends that the district court abused its discretion by departing upward because the court permitted only one of three percipient witnesses to testify at Juarez's sentencing hearing. This contention lacks merit. In reaching its decision to depart, the district court considered the deposition testimony of all three witnesses. Based on the deposition transcripts, the district court determined that only the live testimony of Jose Enrique-Cruz would be useful at Juarez's sentencing hearing. The deposition testimony of the other two witnesses did not materially contradict Cruz's version of events. Moreover, the district court found Cruz to be a credible witness. See United States v. Rutledge, 28 F.3d 998, 1003 (9th Cir.1994). Accordingly, the district court did not abuse its discretion by permitting only Cruz to testify at Juarez's sentencing hearing. See Sablan, 114 F.3d at 916.
 
 
 4
 Juarez also contends that the district court failed to consider the factors listed in U.S.S.G. § 5K2.1, a policy statement that the court may depart above the authorized guideline range based on loss of life. We disagree. The record reflects that the district court engaged in precisely the sort inquiry encouraged by section 5K2.1.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3