142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Francisco AGUIRRE, Defendant-Appellant.
 No. 97-10008.
D.C. No. CR-95-00444-DFL.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Appeal from the United States District Court for the Eastern District of California David F. Levi, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Aguirre appeals his jury conviction and sentence for conspiring to possess methamphetamine with the intent to distribute, and possessing methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), & 846. We have jurisdiction pursuant to 26 U.S.C. § 1291, and we affirm.
 
 
 3
 Aguirre contends that the district court erred by denying his motion to suppress methamphetamine seized from his impounded car in a second warrantless search. This contention lacks merit.
 
 
 4
 We review de novo the district court's determination on a motion to suppress. See United States v. Bauer, 84 F.3d 1549, 1561 (9th Cir.1996). Here, under the automobile exception, if the officers had probable cause to search Aguirre's car while impounded, then no warrant was required. See United States v. Johns, 469 U.S. 478, 484, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985). A vehicle lawfully in police custody may be searched on the basis of probable cause to believe that it contains contraband, and there is no requirement of exigent circumstances to justify the warrantless search. See United States v. Spires, 3 F.3d 1234, 1237 (9th Cir.1993) Here, the information giving rise to probable cause for the first search, coupled with the unusual interest in retrieving the impounded vehicle, was sufficient to furnish probable cause to search the car a second time. See Spires, 3 F.3d at 1237. Accordingly, the district court did not err in denying Aguirre's motion to suppress. See Bauer, 84 F.3d at 1561.
 
 
 5
 Aguirre contends that his counsel was ineffective for failing to request an instruction advising the jury that they could not consider government agents as potential coconspirators. Specifically, Aguirre argues that because his sole coconspirator was acquitted, the jury must have considered the undercover agents as coconspirators in order to convict him of conspiracy.
 
 
 6
 Generally, "we will not review challenges to the effectiveness of defense counsel on direct appeal." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) (citations omitted). "Challenge by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). Claims of ineffective assistance may be reviewed on direct appeal "when the record on appeal is sufficiently developed to permit review and determination of the issue", or "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 291 (9th Cir.1992) (citations omitted). Here, the record on appeal is not sufficiently developed to permit review and resolution and we therefore leave Aguirre's ineffective assistance claim to be addressed in a collateral proceeding. See id.
 
 
 7
 Aguirre contends that the district court erred by concluding that he was an organizer or leader of the conspiracy under U.S.S.G. § 3B1 .1(c). This contention lacks merit.
 
 
 8
 Because Aguirre did not raise this objection in the district court, we review for plain error. See United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990). The Guidelines provide for a two-point increase in a defendant's base offense level if he served in a leadership role in a criminal activity. See U.S.S.G. § 3B1.1(c) (1995). There need be only one other "participant," i.e., a "criminally responsible" person, lead by the defendant for section 3B1.1(c) to apply. See U.S.S.G. § 3B1.1, comment. (nn.1, 2).
 
 
 9
 Aguirre argues that he should not have been subjected to the two-level increase because the other participant, Lopez, was acquitted. However, whether Lopez was convicted or acquitted is not dispositive of the issue of his being "criminally responsible." See U.S.S.G. § 3B1.1, comment. (n. 1) (1995) (a participant can be criminally responsible even if not convicted); United States v. Dota, 33 F.3d 1179, 1188 (9th Cir.1994). Based on the facts of this case, the district court did not commit plain error by applying the section 3B1.1(c) enhancement. See Carvajal, 905 F.2d at 1296 .[1]
 
 
 10
 Aguirre's contention that he was entitled to a two-level reduction for acceptance of responsibility lacks merit because he did not truthfully admit to his relevant conduct in the offense. See U.S.S.G. § 3E1.1, comment. (n. 2) (1995); United States v. Rutledge, 28 F.3d 998, 1001 (9th Cir.1994) (falsely denying or frivolously contesting relevant conduct is inconsistent with an acceptance of responsibility).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Aguirre's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Aguirre contends that his counsel was ineffective by failing to object to the leadership role enhancement, this contention lacks merit because he cannot show that he was prejudiced. See Strickland v. Washington, 466 U.S. 668, 687-90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)