**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Bobby D. THOMPSON, Defendant— Appellant.**

**No. 01–30215.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 16, 2002.

Before: SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Bobby D. Thompson appeals the 120–month sentence imposed following his guilty plea conviction for distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (B)(1)(C). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Thompson contends that the district court erred by using his 1997 State of Alaska drug felony conviction to increase the range of maximum statutory penalties because the State of Alaska deprived him

---

* The panel unanimously finds this case suitable for decision without oral argument, and de-

nies Thompson's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

of his right to counsel to appeal that conviction to the Alaska Supreme Court.

The district court did not err because the record demonstrates that Thompson was represented by counsel during both his state criminal trial and his first appeal of right of that conviction. *See Custis v. United States*, 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that a challenge to the validity of a previous state conviction is not cognizable on appeal from a federal sentence, unless the prior conviction was obtained in violation of the Sixth Amendment right to counsel); *Pennsylvania v. Finley*, 481 U.S. 551, 556, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (stating that the right to appointed counsel extends only to the first appeal of right).

Thompson also contends that the district court erred by including as relevant conduct an additional 2.8 grams of cocaine base that Thompson distributed on October 18, 2000. *See* U.S.S.G. § 1B1.3(a)(2). We disagree.

The district court's finding that Thompson sold the 2.8 grams of cocaine was based on its own review of a videotape showing Thompson engaged in the transaction. Accordingly, the district court did not clearly err by including the 2.8 grams of cocaine base as relevant conduct. *See United States v. Scheele*, 231 F.3d 492, 497 (9th Cir.2000); U.S.S.G. § 1B1.3, cmt. n. 3.

Finally, Thompson contends that the district court erred by denying him an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We review for clear error the district court's decision whether to grant such an adjustment. *United States v. Rutledge*, 28 F.3d 998, 1000 (9th Cir.1994).

The district court did not err by denying Thompson's request for a downward adjustment based on acceptance of responsibility because notwithstanding Thompson's timely entry of a guilty plea, his continued denial of relevant conduct was inconsistent with acceptance of responsibility. *See id.* at 1002; U.S.S.G. § 3E1.1, cmt. n. 1(a).

**AFFIRMED.**

** This disposition is not appropriate for publi-