**UNITED STATES of America, Plaintiff–Appellee/Cross–Appellant,**

v.

**Carmen Georgina ALEMAN, Defendant–Appellant/Cross–Appellee.**

Nos. 00–50237, 00–50436.

D.C. No. CR–99–2754–JTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2001.

Withdrawn from Submission May 2, 2001.

Resubmitted and Filed Nov. 5, 2002.

Decided Nov. 5, 2002.

Before BOOCHEVER and SILVERMAN, Circuit Judges, and GEORGE,* District Judge.

### MEMORANDUM **

Carmen Georgina Aleman was convicted by a jury of one count of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960, and one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Aleman to eighteen months in custody. Aleman appeals the constitutionality of the drug statutes and whether the prosecutor made improper comments during rebuttal argument. We affirm. The government cross-appeals the downward adjustment for acceptance of responsibility. We reverse.

*Constitutional Challenge*

Aleman's argument that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders § 841 and §§ 952 and 960 unconstitutional is foreclosed by *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc) and *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002).

*Prosecutor's Comments in Closing Arguments*

▮ Aleman asserts that, during rebuttal argument, the prosecutor improperly vouched by implying knowledge of inculpatory facts within a document that was not admitted into evidence. Specifically, Aleman objects to the prosecutor's statement:

> Now, Mr. Khojayan didn't tell you that if the government had attempted to introduce defendant's Exhibit A, there are rules that prohibit that. We did not

Appeal from the United States District Court for the Southern District of California, Jeffrey T. Miller, District Judge, Presiding.

* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

object to him seeking to introduce it. When the government attempted to introduce Exhibit 25–A, the other agent's notes, that was not admitted.

Aleman's argument ignores the context in which the prosecutor made her statement. Counsel for Aleman had, in his opening statement (reserved until after the government concluded its case-in-chief), asserted both that his client was not guilty because she committed the offense under duress and that the prosecution had engaged in egregious conduct by not telling the jury of the coercion until after he had offered Exhibit A into evidence. In closing arguments defense counsel reiterated this theme, inviting the jury to speculate "why the government wasn't forthcoming with [Exhibit A]," and suggesting that the government was attempting to deceive them to obtain his client's conviction. Thus, the prosecutor's statement-that rules precluded the government from offering Exhibit A into evidence, and that it had not objected to the introduction of Exhibit A into evidence-responded directly to defense counsel's suggestion that the government engaged in egregious misconduct intended to deceive the jury by not providing the jury with certain evidence. Her immediately subsequent reference to Exhibit 25–A demonstrated that rules would preclude the government from offering an exhibit into evidence, as had happened with Exhibit 25–A. The prosecutor did not use any language suggesting to the jury that Exhibit 25–A contained inculpatory language. Accordingly, we reject Aleman's argument that the prosecutor's rebuttal argument requires reversal of her conviction.

*Cross–Appeal: Acceptance of Responsibility*

■ We review the district court's downward adjustment for acceptance of responsibility for clear error. *See United States v. Rutledge,* 28 F.3d 998, 1000 (9th Cir.1994); *United States v. Hopper,* 27 F.3d 378, 381 (9th Cir.1994). The adjustment for acceptance of responsibility is not intended for the defendant who goes to trial on an issue relating to factual guilt, *see* U.S.S.G. § 3E1.1, comment (n. 2), and is ordinarily inappropriate when a defendant has obstructed justice sufficient to warrant an upward adjustment, *see id.* at n. 4. In this matter, Aleman not only went to trial on an issue of factual guilt, but she obstructed the trial by offering perjured testimony on that issue of factual guilt. Although a sentencing judge is entitled to great deference in evaluating a defendant's acceptance of responsibility, *see id.* at n. 5, we find that the adjustment for acceptance of responsibility was clear error in this instance.

AFFIRMED in part; REVERSED in part, and REMANDED for resentencing.