**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gary Peter WILLIAMS, Defendant–Appellant.**

No. 05–30206.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan M. Harrison, Esq., Norman McIntosh Barbosa, Esq., Kelly L. Harris, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Nancy L. Talner, Esq., Seattle, WA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Gary Peter Williams appeals from the 136–month sentence imposed following his

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

guilty-plea conviction for bank fraud, and conspiracy to produce false identification documents and bank fraud, in violation of 18 U.S.C. §§ 1344 and 371. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williams first contends that the district court applied an unconstitutional burden of proof at the sentencing hearing by not requiring the Government to prove beyond a reasonable doubt all non-admitted facts alleged to increase the offense level. This contention, however, is foreclosed by our holding in *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

■ Williams next asserts that his rights under the Confrontation Clause were violated when the district court allowed the Government to rely on hearsay evidence at sentencing. His contentions lack merit because the admitted statements were accompanied by minimal indicia of reliability. *See United States v. Littlesun*, 444 F.3d 1196, 1199 (9th Cir. 2005).

■ Williams further contends that the district court erred by increasing his sentence by 16 levels under U.S.S.G. § 2B1.1 when it found a loss amount that was over $1,000,000. Specifically, Williams contends that the court should have calculated the actual loss rather than the estimated intended loss. We disagree, and conclude that the district court did not err in relying on the intended foreseeable loss from the conspiracy. *See* U.S.S.G. § 2B1.1, cmt. 3(C) ("The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence."); *see United States v. McCormac*, 309 F.3d 623, 627–28 (9th Cir.2002).

■ Williams also contends that the district court erred in finding that an enhancement was applicable under U.S.S.G. § 3B1.1(a) for his leadership role in the conspiracy. Upon review of the record and various witness testimony, we conclude that the district court did not clearly err in finding that Williams exercised some control over the other actors in the conspiracy. *See United States v. Alonso*, 48 F.3d 1536, 1545 (9th Cir.1995) ("An adjustment is justified when ... the defendant exercised some control over others involved in the commission of the offense or [was] responsible for organizing others for the purpose of carrying out the crime.").

■ Williams further contends that the district court failed to make adequate findings explaining why he was not eligible for a third point off for acceptance of responsibility under U.S.S.G. § 3E1.1. However, the district court found that although Williams had pleaded guilty to other relevant offense conduct, he had denied playing a leadership role and thus had not admitted to all of the relevant conduct. Therefore, the district court did not err in this regard. *See United States v. Rutledge*, 28 F.3d 998, 1002 (9th Cir.1994) ("The goals of the acceptance of responsibility provision would not be fulfilled if a defendant were eligible to receive the reduction even though he falsely denied relevant conduct.").

■ Finally, Williams contends that the district court unreasonably sentenced him. A review of the record, including the sentencing order, suggests that the district court considered the Guidelines as the starting point of its analysis, but that was "only one factor that the sentencing court is to consider along with the factors contained in 18 U.S.C. § 3553(a) in reaching the sentencing result." Furthermore, in sentencing Williams, the district court considered a range of mitigating and aggravating factors before imposing a sentence that was in the mid-point of the Guidelines range. Accordingly, the district court's

sentence was not unreasonable. *See United States v. Plouffe,* 445 F.3d 1126, 1131–32 (9th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.