**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Denise Lokelani LEE, Defendant—Appellant.**

No. 07–10560.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Jan. 9, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**82**

Peter Stuart Levitt, Esquire, Assistant U.S., Robert Lawrence Ellman, Esquire, Assistant U.S., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esquire, Jason F. Carr, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, KLEINFELD and IKUTA, Circuit Judges.

MEMORANDUM *

Denise Lokelani Lee ("Lee") appeals her sentence after a guilty plea to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1); one count of distribution of a controlled substance and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2; and one count of possession with intent to distribute a controlled substance, and attempt, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

The appeal challenges: 1) the district court's computation of her criminal history points based on the assumption that those

---

* This disposition is not appropriate for publication and is not precedent except as provided    by 9th Cir. R. 36–3.

two sets of arrests were separated by an "intervening arrest," as defined by the 2007 Sentencing Guidelines, and therefore warranted the imposition of two distinct criminal history points, and 2) the district court's imposition of one criminal history point from Lee's June 7, 2000 shoplifting conviction. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for resentencing.

## STANDARD OF REVIEW

Because Lee raises these issues for the first time on appeal, we review for plain error. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (*quoting United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). If these three conditions are met, then an appellate court may exercise its discretion to grant relief if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Ameline*, 409 F.3d at 1078 (*quoting Cotton*, 535 U.S. at 631, 122 S.Ct. 1781).

## DISCUSSION

This court has previously held that "the district court must apply the version of the Guidelines which is in effect on the date of sentencing," unless the use of those Guidelines would violate the Ex Post Facto Clause, in which case the defendant must be sentenced under the version of the Guidelines that was in effect at the time the offense was committed. *United States v. Chea*, 231 F.3d 531, 539 (9th Cir.2000).

In this case, it is unclear whether the district court used the 2007 version of the Guidelines, which inserted the following language:

> If a defendant has multiple prior sentences, determine whether those sentences are counted separately or as a

single sentence. Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant was arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from sentences contained in the same charging instrument; or (B) the sentences were imposed on a single day.

U.S.S.G. § 4A1.2(a)(2) (2007).

The same section in the 2006 version, on the other hand, read as follows:

> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

U.S.S.G. § 4A1.2(a)(2) (2006).

Lee argues that her forgery and theft offenses and the robbery offenses were not punctuated by an intervening arrest, and because the sentences for those two sets of offenses were imposed on a single day, the district court plainly erred by adopting the Pre–Sentence Report's (PSR) statement that the cases were unrelated for criminal history purposes.

While the record does not indicate which version of the Guidelines the district court used in sentencing Lee, the record does suggest that because the court relied on a PSR that was prepared according to the 2006 version, and adopted the criminal history points set forth in that report, Lee was incorrectly sentenced under the 2006 Guidelines.

This appeal qualifies for review under the plain error standard. The use of the wrong guidelines is: 1) error; 2) that is plain; and 3) affects substantial rights. A recalculation of Lee's criminal history points when consolidating the two sets of offenses places Lee in Criminal History Category IV instead of V, resulting in an adjusted Sentencing Guidelines range of 210–262 months, rather than the 235–293 month range that the district court considered. The challenged sentence of 235 months was within the range of either Guidelines, but may have been increased by reliance on the incorrect manual. "A sentencing error affects substantial rights when it subjects an individual to an increased sentence." *United States v. Casarez–Bravo*, 181 F.3d 1074, 1078 (9th Cir. 1999). Since the sentencing error subjected Lee to an "increased sentence," and because we believe that such an error "seriously affects the fairness, integrity, or public reputation of judicial proceedings," Lee is entitled to be resentenced under the 2007 version of the Guidelines. Accordingly, Lee's sentence is vacated and remanded to the district court for further proceedings.

■ Lee next argues that the district court incorrectly added one criminal history point to Lee's total for her June 7, 2000 shoplifting incident, where a security guard observed Lee stealing a bra from a department store's lingerie department. Lee was subsequently convicted and fined $200 for this offense. On appeal, Lee argues for the first time that because this court has previously held that a Nevada state misdemeanor theft is "similar to" the writing of an "insufficient funds check," Lee's theft under the equivalent Hawaii statute should have been excluded under United States Sentencing Guidelines Manual § 4A1.2(c). *United States v. Lopez–Pastrana*, 244 F.3d 1025 (9th Cir.2001). Although the district court did err in adding the additional criminal history point, the error was harmless, because even if that additional criminal history point were subtracted from Lee's total, the result would be seven criminal history points, leaving Lee's adjusted criminal history category IV unchanged.[1] *See* U.S.S.G. Ch. 5, Part A (2007); *see also United States v. Rutledge*, 28 F.3d 998, 1004 (9th Cir.1994).

On remand, the sentencing court is free to impose any lawful sentence that commends itself to the court after first making the appropriate guidelines calculation.

**VACATED AND REMANDED FOR RESENTENCING.**

1. Since the PSR should have counted Lee's forgery & theft and robbery offenses as a single set of offenses for purposes of criminal history point calculation, as required by the 2007 Guidelines, we use the adjusted criminal history point total eight as the starting point when considering her second argument.