Submitted Feb. 18, 2009.*

Filed March 2, 2009.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Shannon Lucienne WHITE,
Defendant–Appellant.

No. 08–30127.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Carl E. Rostad, Assistant U.S., USGF–Office of the U.S. Attorney, Great Falls, MT, Michael Symington Morgan, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Robert Henry Branom, Jr., David F. Ness, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM [**]

Shannon Lucienne White appeals from the 57–month sentence imposed following her guilty-plea conviction for credit/debit card fraud, in violation of 18 U.S.C. § 1029(a)(29), and aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

White contends that the district court erred by determining that the loss amount exceeded $100,000, for purposes of enhancing her offense level under the U.S.S.G. § 2B1.1(b)(1)(F). We conclude that the district court did not clearly err. *See United States v. Santos,* 527 F.3d 1003, 1009 (9th Cir.2008).

White also challenges the district court's calculation of loss amount for purposes of restitution. We conclude that the district court did not clearly err. *See United States v. De La Fuente,* 353 F.3d 766, 772–774 (9th Cir.2003).

White further contends that the district court erred in determining that she was not entitled to a downward adjustment for acceptance of responsibility. We reject this contention. *See United States v. Scrivener,* 189 F.3d 944, 948–49 (9th Cir. 1999); *see also United States v. Rutledge,* 28 F.3d 998, 1002 (9th Cir.1994).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.