**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARQUEE MUNERLYN,<br><br>Defendant - Appellant. | No. 14-10270<br><br>D.C. No. 2:13-cr-00328-HDM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Marquee Munerlyn appeals from the district court's judgment and

challenges the 240-month sentence imposed following his guilty-plea conviction

for bank robbery, in violation of 18 U.S.C. § 2113(a).  We dismiss.

Munerlyn contends that the district court erred by denying an adjustment for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

acceptance of responsibility under U.S.S.G. § 3E1.1.  The government argues that this appeal should be dismissed based on an appeal waiver contained in the plea agreement.  Munerlyn responds that the appeal waiver cannot be enforced because the government breached the plea agreement by refusing to recommend an adjustment for acceptance of responsibility.  We review de novo whether to enforce an appeal waiver.  *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).  The plea agreement obligated the government to recommend an adjustment for acceptance of responsibility only if Munerlyn refrained from making false statements concerning conduct relevant to the offense.  Because Munerlyn made false statements concerning the relevant conduct of his coschemers, the government did not breach the plea agreement.  *See United States v. Rutledge*, 28 F.3d 998, 1002 (9th Cir. 1994) (denial of adjustment for acceptance of responsibility is appropriate if defendant falsely denies relevant conduct); *see also* U.S.S.G. § 1B1.3(a)(1)(B) & cmt. n.2 (relevant conduct includes reasonably foreseeable acts of coschemers).  Accordingly, we dismiss this appeal in light of the valid appeal waiver.  *See Watson*, 582 F.3d at 988.

**DISMISSED.**