UNITED STATES of America,
Plaintiff–Appellee,

v.

**Richard Dehart CHARLESWORTH,**
Defendant–Appellant.

No. 98–10515

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2000

Filed July 10, 2000

J. Gregory Damm, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

John C. Lambrose, Assistant Federal Public Defender, Las Vegas, Nevada, for the defendant-appellant.

Before: ALARCON, TASHIMA, and SILVERMAN, Circuit Judges

TASHIMA, Circuit Judge:

Richard Dehart Charlesworth appeals the sentence imposed by the district court following his guilty plea to a charge of escape in violation of 18 U.S.C. § 751(a). The district court held that Charlesworth was not entitled to the four-level reduction for escape from non-secure custody under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2P1.1(b)(3) (1998) because the Guideline disallows the reduction if the defendant committed a felony while unlawfully absent from custody. We have juris-

diction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

## Background

In 1984, Charlesworth was convicted of various federal offenses and sentenced to 15 years' imprisonment. In 1988, he was transferred to a halfway house, where he was to remain until he was released on parole. When Charlesworth signed out for work release and failed to return, an indictment charging him with escape was filed in 1988. Charlesworth was arrested in 1998 by United States Secret Service agents, who were investigating Charlesworth and Terrance Nikrach for a counterfeiting conspiracy.

Charlesworth pled guilty to the escape charge. In the Presentence Report ("PSR"), the probation officer wrote extensively about the counterfeiting conspiracy for which Charlesworth was arrested by the Secret Service. The PSR stated that Charlesworth "has not yet been indicted in this case, however, the [Assistant United States Attorney] in San Diego, California, assigned to this case states that the defendant will be indicted in this matter." The PSR further stated that, when Charlesworth was arrested, he possessed a driver's license, bearing his photograph, in the name of Richard Jessivich, as well as a birth certificate and social security card in that name. The district court declined to apply the downward adjustment in U.S.S.G. § 2P1.1(b)(3) because of the evidence in the PSR that Charlesworth had committed a felony while on escape status and sentenced Charlesworth to 33 months' imprisonment, the upper end of the guideline range. Charlesworth filed a timely notice of appeal.

## Standard of Review

■ The district court's interpretation and application of the sentencing guidelines are reviewed de novo. *See United States v. Castillo,* 181 F.3d 1129, 1134–35 (9th Cir.1999). The court's factual findings are reviewed for clear error. *See id.* at 1135. Factual findings by the court must be supported by a preponderance of

the evidence. *See United States v. Frega,* 179 F.3d 793, 811 n. 22 (9th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1247, 146 L.Ed.2d 105 (2000).

### Discussion

Section 2P1.1(b)(3) provides in part:

If the defendant escaped from the non-secure custody of a . . . "halfway house," or similar facility, . . . decrease the offense level under subsection (a)(1) by 4 levels. . . . *Provided,* however, that this reduction shall not apply if the defendant, while away from the facility, committed any federal, state, or local offense punishable by a term of imprisonment of one year or more.

U.S.S.G. § 2P1.1(b)(3).

The district court refused to apply the reduction, reasoning that the guideline does not require that the defendant actually be convicted of the offense, and that there was a sufficient basis for the probation officer's finding that Charlesworth had committed a felony while on escape status. Charlesworth argues that the denial of the four-level reduction was unconstitutional because he had not been tried and convicted of the offenses described in the PSR. Significantly, however, Charlesworth does not challenge the accuracy of the information in the PSR regarding the felony he allegedly committed. The parties also dispute the burden of proof, which the district court declined to rule on. We hold that the burden is on the government to prove that Charlesworth committed a qualifying offense and so is not entitled to the reduction. We further hold that § 2P1.1(b)(3)'s use of the word "committed" does not require that the defendant have been convicted or indicted of a felony.

### I. Burden and Standard of Proof

 The government contends that the burden is on Charlesworth to prove

that he is entitled to the reduction. We agree with Charlesworth, however, that the burden is on the government to prove that he committed a qualifying offense because he should not be required to prove a negative, that is, that he did not commit such an offense. The burden of proof is on the party seeking to adjust the offense level to establish by a preponderance of the evidence why the adjustment is merited. *See United States v. Howard,* 894 F.2d 1085, 1089–90 (9th Cir.1990). Thus, once the government has established the base offense level, the burden falls on the party seeking to alter this level to prove the necessary facts. *See United States v. Oliveros–Orosco,* 942 F.2d 644, 648 (9th Cir.1991); *see also, e.g., United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996) ("[W]e have placed the burden on the defendant to prove by a preponderance of the evidence that she should receive a sentence reduction under the guidelines based upon some mitigating factor."); *United States v. Barnes,* 993 F.2d 680, 683 (9th Cir.1993) ("[T]he government bears the burden of proof if it is attempting to adjust the offense level upwards, but the defendant bears the burden of proof if he is attempting to lower the offense level.") (quoting *Howard,* 894 F.2d at 1089) (alteration in original).

The government thus bore the burden of establishing Charlesworth's base offense level, which it did. *See Howard,* 894 F.2d at 1090. Charlesworth bore the burden of establishing that his escape was from the non-secure custody of a halfway house, which would have entitled him to the four-level reduction. This fact is not in dispute. Requiring Charlesworth to prove that the reduction should not be taken away, however, would be problematic because it would require him to prove that he did not commit any felonies during the entire ten-year period he was away from custody.[1]

---

**1.** Determining the burden of proof under § 2P1.1(b)(3) differs from other guideline provisions because this section gives a reduction, then states that the reduction will not apply if the defendant committed a felony. This is

different from a sentencing enhancement, where the burden is clearly on the government to prove that the enhancement should apply, or from mitigating factors, which the defendant clearly must establish.

But how would Charlesworth prove this, other than by accounting for every minute of his time while away from custody? Thus, once the defendant has established his entitlement to the reduction, the burden then shifts to the government to establish that the defendant committed a crime that precludes application of the reduction.

■ The next question is what standard of proof is required. In *United States v. Restrepo,* 946 F.2d 654 (9th Cir.1991) (en banc), we held, "as a general rule ..., that due process does not require a higher standard of proof than preponderance of the evidence to protect a convicted defendant's liberty interest in the accurate application of the Guidelines." *Id.* at 661; *see also United States v. Mezas de Jesus,* 217 F.3d 638, 642–44 (9th Cir.2000) (discussing *Restrepo* ). The sentencing judge therefore need be convinced by a preponderance of the evidence that the fact in question exists. *See Restrepo,* 946 F.2d at 661; *see also, e.g., United States v. Gil,* 58 F.3d 1414, 1424 (9th Cir.1995) (applying the preponderance standard of proof to the calculation of base offense level); *United States v. Rutledge,* 28 F.3d 998, 1004 (9th Cir.1994) ("[t]he preponderance standard of proof 'satisfies due process when used to establish uncharged facts or conduct enhancing a sentence under [the Guidelines].' ") (quoting *United States v. Harrison–Philpot,* 978 F.2d 1520, 1523 (9th Cir. 1992) (alteration in original)).

" '[W]hen a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction,' " the government must prove the factor by clear and convincing evidence. *Mezas de Jesus,* 217 F.3d at 642 (quoting *Restrepo,* 946 F.2d at 659). In the instant case, however, the denial of the reduction meant only "an extra nine months in prison" for Charlesworth. *Cf. Mezas de Jesus,* 217 F.3d at 643–45 (requiring clear and convincing evidence for sentencing factor that increased sentence from "less

than two years to nearly five years"); *United States v. Hopper,* 177 F.3d 824, 833 (9th Cir.1999) ("a potential increase of 48 months satisfies the *Restrepo* extremely disproportionate impact test"), *cert. denied sub nom. McKendrick v. United States,* ─── U.S. ───, 120 S.Ct. 1179, 145 L.Ed.2d 1086 (2000), *and cert. dismissed sub nom. United States v. Reed,* ─── U.S. ───, 120 S.Ct. 1578, 146 L.Ed.2d 477 (2000). Moreover, where, as here, "the defendant does not challenge the accuracy of the information on which the judge bases the sentence enhancement, the preponderance of the evidence standard is the appropriate one regardless of the severity of the enhancement." *United States v. Romero–Rendon,* 198 F.3d 745, 748 (9th Cir.1999) (footnote omitted). The preponderance of the evidence standard being sufficient to establish facts to enhance a defendant's sentence, it is also sufficient to establish the facts precluding the offense level reduction.

## II. Meaning of "Committed" in U.S.S.G. § 2P1.1(b)(3)

■ We have not previously ruled on whether a sentencing judge properly denies the four-level reduction in § 2P1.1(b)(3) based on evidence that a defendant committed a felony, even if there has been no indictment or conviction. When interpreting the Sentencing Guidelines, however, terms are to be given their plain meaning. *See United States v. Turnipseed,* 159 F.3d 383, 387 (9th Cir.1998). The use of the word "committed" in § 2P1.1(b)(3) suggests that neither a conviction for a felony nor even an indictment is required. Rather, because uncharged facts or conduct need only be established by a preponderance of the evidence in order to enhance a sentence, *see Rutledge,* 28 F.3d at 1004, any evidence that would meet this standard is sufficient to establish that the defendant committed a felony in order to preclude the reduction of the sentence under § 2P1.1(b)(3). We thus hold that a district court need not find that a

defendant was convicted of committing a felony while on escape status, but can deny the reduction in § 2P1.1(b)(3) if a preponderance of the evidence establishes that the defendant committed a disqualifying offense. Our holding is in accord with the Eleventh Circuit's decision in *United States v. Strachan*, 968 F.2d 1161 (11th Cir.1992), where the court held that a district court can deny the reduction under § 2P1.1(b)(3) "if a preponderance of the evidence demonstrates that the defendant committed a disqualifying offense, even if there has been no formal conviction." *Id.* at 1162–63; *see also United States v. Durham*, 178 F.3d 796, 799 (6th Cir.), *cert. denied*, —— U.S. ——, 120 S.Ct. 559, 145 L.Ed.2d 434 (1999) (assuming, without addressing the question, that § 2P1.1(b)(3) does not require either a conviction or an indictment in order to preclude application of the reduction).

## III. Application to Charlesworth's Case

The district court did not specify the factual basis on which it based its finding that Charlesworth had committed a felony while on escape status. The court made only the ultimate finding that "there is a sufficient basis for the finding that was made by the probation department."

■ The PSR detailed evidence that Charlesworth was involved in a counterfeiting conspiracy with Nikrach, but, while the evidence supports a finding that Nikrach committed counterfeiting, Charlesworth's guilt of that offense is problematic because of the lack of evidence of his knowledge and intent. The evidence is sufficient, however, to support a finding that Charlesworth committed fraud in connection with identification documents, in violation of 18 U.S.C. § 1028. The PSR detailed two incidents of Charlesworth possessing false identification documents and thus supports the finding that Charlesworth committed a felony while on escape status. The government, therefore, has met its burden of establishing by a preponderance of the evidence that Charlesworth is not entitled to the sentence reduction.

## IV. Reliance on Hearsay Information

■ There was no error in the district court's reliance on the PSR's hearsay information in sentencing Charlesworth. "Federal law is clear that a judge may consider hearsay information in sentencing a defendant." *United States v. Fernandez–Vidana*, 857 F.2d 673, 675 (9th Cir. 1988); *see also United States v. Sustaita*, 1 F.3d 950, 952 (9th Cir.1993) ("A sentencing judge may consider a wide variety of information which would not be considered admissible at trial. The spectrum of information which a sentencing judge may consider includes hearsay testimony.") (citation and internal quotation marks omitted).

■ Although the use of hearsay evidence may "violate[ ] due process ... if the sentencing judge relied upon information which is materially false or unreliable," *id.*, Charlesworth did not object to any of the facts set forth in the PSR regarding the offenses he allegedly committed while on escape status. Furthermore, as we noted in *Sustaita*, Fed. R.Crim.P. 32(c) protects a defendant from the use of false or unreliable information by requiring the sentencing judge to make findings regarding controverted matters. *See id.* at 952–53. Charlesworth did not contest any of the information in the PSR; therefore, there was no need for the court to make any findings.

■ Charlesworth contends that the government did not proffer any evidence in support of denying the four-level reduction and relied only on the PSR. We have held, however, that a sentencing court may rely only on an unchallenged PSR to find that the facts underlying a sentence enhancement have been established by a preponderance of the evidence. *See Romero–Rendon*, 198 F.3d at 750; *United States v. Marin–Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998). Similar to the defendants in *Romero–Rendon* and *Marin–Cuevas*, Charlesworth never challenged the accuracy of the information in the PSR and never offered

any evidence to contradict the PSR; he argued only that the government failed to sustain its burden of proof. Although *Romero–Rendon* and *Marin–Cuevas* deal with the use of a PSR to enhance a sentence, the same reasoning applies to the use of a PSR to preclude reduction of a sentence. Charlesworth's argument is therefore rejected.

### Conclusion

The district court did not err in finding that Charlesworth had committed a felony, precluding application of the four-level reduction in U.S.S.G. § 2P1.1(b)(3). Accordingly, the sentence is

**AFFIRMED.**