UNITED STATES of America, Plaintiff–Appellee,

v.

Enrique HERNANDEZ–NAVARRO, Defendant–Appellant.

No. 00–50090.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2000.

Decided Jan. 30, 2001.

Before CANBY, MCKEOWN, and
PAEZ, Circuit Judges.

MEMORANDUM[1]

Defendant Enrique Hernandez–Navarro
pled guilty to one count of importation of a
controlled substance, marijuana, in viola-
tion of 21 U.S.C. §§ 952 and 960. The
district court imposed an eighteen month
sentence and further ordered that Defen-
dant's sentence run consecutively to an
unserved sentence he received for violating
the terms and conditions of state parole.
Defendant appeals the district court's or-
der that he serve a consecutive sentence.
We have jurisdiction under 28 U.S.C.
§ 1294, and we affirm.

In imposing a consecutive sentence, the
district court followed Application Note 6
to U.S.S.G. § 5G1.3, which provides that, if
a defendant's state parole has been re-
voked prior to the time of sentencing on a
federal offense, the sentence imposed for
the federal offense should be ordered to
run consecutively to the term imposed for
the state parole violation.

In this appeal, Defendant argues that
the district court erred when it found that
the sentence for the state parole violation
had been imposed prior to the federal sen-
tencing. He then argues that where the
state has yet to impose a sentence for a
parole violation or criminal conviction, a
federal court may not impose a consecutive
sentence; only the state can determine
whether a subsequently imposed state sen-
tence should run consecutively to the sen-
tence for the federal offense. *See United
States v. Clayton,* 927 F.2d 491, 492–93
(9th Cir.1991) ("a federal court may not
direct a federal sentence to be served con-
secutive to a state sentence not yet im-
posed").

We reject Defendant's argument be-
cause he failed to challenge the existence
of a previously-imposed state sentence be-
fore the district court and he has offered
no reason to question the district court's
implicit finding that the parole revocation
sentence had been imposed prior to sen-
tencing in this case. The presentence re-
port ("PSR") prepared for the district
court stated that Defendant was on state
parole at the time of the federal offense,
that his parole was revoked, and that he
received a twelve month sentence for vio-
lation of parole. Accordingly, the PSR,
consistent with U.S.S.G. § 5G1.3, recom-
mended imposition of a consecutive sen-
tence. Under the Local Rules for the
Southern District of California, Defendant
and the government were required to file
objections, if any, to the PSR's factual
representations eighteen days before the
sentencing hearing. Southern District of
California, Local Rules, Crim. Rule
32.1(a)(5). Although Defendant filed a sen-
tencing memorandum, he did not object to
the PSR's representation regarding his
twelve month parole revocation sentence.
Indeed, far from objecting to the represen-
tations in the PSR, Defendant asserted
that he already had served time on the
parole revocation sentence.

At the sentencing hearing, Defendant's
attorney contested the appropriateness of
a consecutive sentence. But he did not

1. This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

challenge the PSR's representation that the state parole revocation sentence already had been imposed, nor did he offer any evidence that would contradict that representation.[2]

Because Defendant did not raise any objection to the prior state sentence before the district court, we review his sentencing challenge under the plain error standard. *United States v. Scrivner,* 114 F.3d 964, 966 (9th Cir.1997). In applying that standard, we have discretion to reverse the district court only if it (1) committed error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings. *United States v. Randall,* 162 F.3d 557, 561 (9th Cir.1998). We find that the district court did not commit plain error in relying on the representation of the PSR concerning the prior parole revocation sentence. Although the representations of the PSR are hearsay, it is "clear that a judge may consider hearsay information in sentencing." *United States v. Charlesworth,* 217 F.3d 1155, 1160 (9th Cir.2000) (internal quotations and citations omitted). Defendant never offered any evidence that placed the fact or validity of the prior state sentence in controversy. In fact, he stated in his sentencing memorandum that he already had served time on the state parole revocation sentence. The district court did not have any reason to doubt the existence of a valid prior state sentence and neither do we.

AFFIRMED.

---

2. On appeal, Defendant argues that his attorney's assertion at the sentencing hearing that Defendant "never was in state custody" should be construed as an implicit objection to the PSR's representation that the state had imposed a parole revocation sentence. According to Defendant, this argument before the district court necessarily implies that the state had not yet imposed, or had not properly imposed, a parole revocation sentence.

In the context of parole revocation proceedings, however, there is no universal requirement that a state parolee must be in state custody before California parole authorities may impose a sentence for a parole violation. Indeed, California courts long have recognized that, when a parolee is in the custody of another jurisdiction for an intervening offense, a parole revocation sentence can be imposed without a transfer of custody: "the interests of the defendant and the government may be accommodated by the simple expedient of affording defendant the opportunity to waive personal appearance at the revocation hearing." 3 B.E. Witkin and Norman L. Epstein, *California Criminal Law* § 1758, at 2078–79 (2d ed.1989) (citing cases). We are unpersuaded that Defendant's attorney's unexplained reference to Defendant's continuous federal custody can be meaningfully construed as an objection to the parole revocation sentence.