UNITED STATES of America,
Plaintiff–Appellee,

v.

Rudy Lynn DOUGLAS, Defendant–
Appellant.

No. 00–50665.

D.C. No. CR–00–00490–RSWL–01.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2000.*

Decided July 23, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Rudy Lynn Douglas appeals his 51–month sentence, imposed following his guilty plea to escape from custody, in violation of 18 U.S.C. § 751(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's interpretation and application of the Sentencing Guidelines, *United States v. Charlesworth*, 217 F.3d 1155, 1157 (9th Cir.2000), as well as the legal issue of whether the district court provided adequate reasons for sentencing a defendant to a particular point within the guideline range, *United States v. Duran*, 37 F.3d 557, 560 (9th Cir.1994).

Douglas contends that because his use of force occurred during an arrest two months after his initial escape from custody, the district court erred in imposing a five-level upward adjustment for use of force during an escape, pursuant to U.S.S.G. § 2P1.1(b)(1). We disagree. Because escape is a continuing offense, it is irrelevant that Douglas did not use force to instigate his initial escape from custody, but rather to avoid subsequent capture. *United States v. Bailey*, 444 U.S. 394, 413, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980) (recognizing escape as continuing offense); *see* U.S.S.G. § 1B1.3(a) (defining relevant conduct to include defendant's actions during commission of and in attempting to avoid responsibility for offense).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Douglas next contends the district court failed to adequately state its reasons for imposing a sentence at the high end of the guideline range. This contention fails because the district court was not required to do so. 18 U.S.C. § 3553(c)(1); *see United States v. Howard,* 894 F.2d 1085, 1092 (9th Cir.1990) (requiring district court to state reasons only if sentencing range, and not sentence itself, exceeds twenty-four months).

AFFIRMED.