**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jack Kenneth MIRTH, Defendant—
Appellant.**

No. 02–30288.

D.C. No. CR–01–00126–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 15, 2003.

Before PREGERSON, REINHARDT
and GRABER, Circuit Judges.

MEMORANDUM**

Federal prisoner Jack Kenneth Mirth appeals the sentence imposed following his guilty plea conviction for bankruptcy fraud and aiding and abetting, in violation of 18 U.S.C. §§ 152(1) and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's compliance with Fed.R.Crim.P. 32, see *United States v. Houston,* 217 F.3d 1204, 1206 (9th Cir.2000), and for abuse of discretion its decision to allow testimony at a sentencing hearing, see *United States v. Upshaw,* 918 F.2d 789, 791 (9th Cir.1990). We affirm.

Mirth contends the district court violated his due process rights and Fed.R.Crim.P. 32 at sentencing by considering letters from plaintiffs who had brought various civil actions against him. Rule 32 is inapposite because Mirth never objected to the findings and recommendations contained in his presentence report ("PSR") or moved to have the letters produced. *See* Fed.R.Crim.P. 32(c) (1994). Mirth's due process claim similarly fails. *See United States v. Charlesworth,* 217 F.3d 1155, 1160 (9th Cir.2000) (concluding that sentencing court's reliance on hearsay evidence contained in PSR did not violate due process where defendant failed to object to PSR or submit contrary evidence).

The district court did not abuse its discretion in allowing testimony at Mirth's sentencing hearing, as it merely restated information contained in the PSR, and evinced sufficient indicia of reliability. *See United States v. Marin–Cuevas,* 147 F.3d 889, 894–95 (9th Cir.1998) (citing U.S.S.G. § 6A1.3).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.