UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

HENRY CHAPPELL,
              *Defendant-Appellant.*

No. 03-4266

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Sol Blatt, Jr., Senior District Judge.
(CR-01-611-1)

Submitted: September 29, 2003

Decided: November 21, 2003

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attor-
ney, Lee E. Berlinsky, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Henry Chappell appeals his seventy-five month sentence for possessing a shotgun despite a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2000), following a jury trial. On appeal, Chappell argues the district court erred by denying his motion for new trial and by applying an offense level enhancement for obstruction of justice under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2002). For the following reasons, we affirm.

We find no abuse of discretion in the district court's denial of Chappell's motion for new trial. *See United States v. Singh*, 54 F.3d 1182, 1190 (4th Cir. 1995) (providing standard). Chappell's motion was predicated on evidence that he contends demonstrates a fatal flaw in the theory of the case advanced by the United States during closing argument. However, we are not convinced the evidence in question was newly discovered or would probably result in an acquittal, two requirements for a new trial under Fed. R. Crim. P. 33. *See United States v. Fulcher*, 250 F.3d 244, 249 (4th Cir.), *cert. denied*, 534 U.S. 939 (2001) (citing *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993)).

Chappell's motion turned on the results of an internet map service, which arguably suggested that Chappell could not have picked up and delivered the shotgun within the time frame offered by the United States' during its closing argument, as a cellular telephone call Chappell placed to a gun shop in Metter, Georgia preceded his documented arrival at the point of delivery in South Carolina by only one hour and forty-seven minutes. However, this "new evidence" was arguably available to Chappell prior to trial, as his movements on the day in question were thoroughly explored at trial based in part on his logged cellular telephone calls. Additionally, the uncertainty regarding when during a particular two-day period Chappell actually received the shotgun further placed the issue of whether delivery was physically possible at issue. More importantly, however, there was substantial evidence indicating Chappell delivered the shotgun at the documented time in South Carolina. Hence, Chappell's motion fails to satisfy the requirements for new trial under Rule 33.

Turning to Chappell's challenge to the calculation of his sentencing range, we find no error in the district court's application of § 3C1.1. At sentencing, Chappell argued there was an insufficient evidentiary basis for application of the enhancement. However, in calculating a defendant's sentencing range, a sentencing court is entitled to consider and rely on any information concerning the background, character, and conduct of a person convicted of an offense. *See* 18 U.S.C. § 3661 (1994). When, as here, the district court relies on information in the presentence report in making findings, the defendant bears the burden of establishing that the information relied on by the district court in making its findings is incorrect; mere objections are insufficient. *See United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). Because Chappell did not provide contrary evidence, electing instead to challenge whether the United States met its burden of proof at sentencing, the basis for the § 3C1.1 enhancement is insulated from review. *See, e.g.*, *United States v. Charlesworth*, 217 F.3d 1155, 1160-61 (9th Cir. 2000). As a result, we find no error in Chappell's sentence.

Accordingly, we affirm Chappell's conviction and sentence. Further, Chappell's motion for oral argument is denied, as we have dispensed with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*