MEMORANDUM **
Hector Bobadilla Diaz appeals the district court’s determination that his violation of 18 U.S.C. § 371 caused losses in excess of $70,000, resulting in an eight-level enhancement at sentencing under U.S.S.G. § 2B1.1. We affirm.
A district court’s factual findings in the sentencing phase, including the calculation of loss, are reviewed for clear error. United States v. Barnes, 125 F.3d 1287, 1290 (9th Cir.1997). Sentences are reviewed for “unreasonableness.” United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
We have repeatedly held that a district court may rely on an unchallenged Presentence Report (PSR) at sentencing to find by a preponderance of the evidence that relevant facts have been established. See United States v. Romero-Rendon, 220 F.3d 1159, 1161-62 (9th Cir.2000) (relying on PSR as sufficient evidence to support sentence enhancement for prior aggravated felony conviction); United States v. Charlesworth, 217 F.3d 1155, 1160-61 (9th Cir.2000) (where defendant failed to challenge accuracy of information in presentence report and failed to offer any evidence to contradict presentence report, sentencing court did not err in relying on presentence report in denying defendant’s request for sentence reduction).
A defendant has some affirmative obligation to present evidence to rebut a Presentence Report. In Romero-Rendon, 220 F.3d at 1163, n. 4, we stated: ‘Where ... [the government] submits the PSR as proof, and the defendant submits no contrary evidence, the only evidence before the sentencing judge is the uncontroverted PSR. In these cases, a judge may rely on it to establish the factual basis for the enhancement. To hold ... otherwise would be to allow the defendant’s muteness effectively to rebut the government’s evidence.” Further, a judge may consider hearsay information in sentencing a defendant. United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir.1988). Therefore, because Diaz did not offer any evidence to controvert the facts in the PSR, the district court properly relied on the unchallenged portions of the PSR and the stipulated amounts in the plea agreement to determine the loss amount.
Additionally, regardless of whether or not the toilet paper and furniture are included in the calculation of loss, the guideline range would remain 10-16 months because the stipulated loss of $28,000 for the wheel rims and the unchallenged finding in the PSR regarding the valuation of the $45,000 tractor-trailer would value the loss at $73,000 and would support the enhancement of an eight-level increase under U.S.S.G. § 2Bl.l(b)(l). Thus, any error would be harmless.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.