UNITED STATES of America,
Plaintiff–Appellee,

v.

Alan WILLIAMS, Defendant–Appellant.

No. 08–30451.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009 *.

Filed Oct. 22, 2009.

Edward Eric Zink, Esquire, Special Assistant U.S., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Thomas Pardy, Pardy Law Firm, Billings, MT, for Defendant–Appellant.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Alan Williams appeals from the 84–month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Williams contends the district court erred by applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) for possessing firearms in connection with another felony offense, because the only evidence regarding his involvement with a marijuana grow operation was unreliable hearsay. This contention fails. *See United States v. Charlesworth,* 217 F.3d 1155, 1160–61 (9th Cir.2000); *see also United States v. Alonso,* 48 F.3d 1536, 1546 (9th Cir.1995).

Williams also contends the district court erred by applying the § 2K2.1(b)(6) enhancement because the government failed to establish the requisite nexus between the firearms and the marijuana grow operation. The district court did not clearly err because the presence of loaded firearms in Williams' house nearby the marijuana grow "permits an inference" that the firearms potentially emboldened Williams in maintaining and/or protecting the marijuana grow. *See United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994); *see also United States v. Polanco,* 93 F.3d 555, 567 (9th Cir.1996).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.