**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10578 |
| Plaintiff–Appellee, | D.C. No. 1:08-CR-00139-LJO-1 |
| v. | |
| DEAON BAILES, | MEMORANDUM [*] |
| Defendant–Appellant. | |

On Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 4, 2009
San Francisco, California

Before:  B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Appellant Deaon Bailes appeals the district court's judgment sentencing him

to a 24-month term of imprisonment and a 36-month term of supervised release for

having escaped from the non-secure custody of a "halfway" house.  In calculating

Bailes's sentencing range under the United States Sentencing Guidelines

("Guidelines"), the court denied Bailes the four-level reduction in his offense level

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

otherwise available to escapees from halfway houses on the ground that Bailes, while at large, had committed a state offense punishable by imprisonment for more than one year. *See* U.S.S.G. § 2P1.1(b)(3). The district court found that Bailes had attempted to violate California Penal Code § 4573, which provides in pertinent part that "any person, who knowingly brings . . . into any county, city and county, or city jail . . . or within the grounds belonging to the institution, any controlled substance . . . is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years."[1]

We have jurisdiction pursuant to 18 U.S.C. § 3742. Reviewing the interpretation and application of the Guidelines de novo, *United States v. Charlesworth*, 217 F.3d 1155, 1157 (9th Cir. 2000), we conclude that the district court properly denied Bailes the four-level reduction.

When reviewing a sentence, we first consider whether the district court committed significant procedural error, and then consider the substantive reasonableness of the sentence. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.), *cert. denied*, 128 S. Ct. 2491 (2008). Factual findings by the district court

---

[1] An attempted violation of § 4573 is punishable by imprisonment for a term of one, one and one-half, or two years. *See* Cal. Penal Code § 664(a) (requiring that any defendant judged guilty of an attempted offense be punished by imprisonment for one-half the term of imprisonment prescribed upon a conviction of the attempted offense).

2

are reviewed for clear error and must be supported by a preponderance of the evidence. *Charlesworth*, 217 F.3d at 1157-58. The operative questions in this case are whether Bailes possessed a specific intent to bring marijuana onto the grounds of Rio Cosumnes Correctional Center ("RCCC") and, if so, whether he performed a direct act in furtherance of that design. *See* Cal. Penal Code § 21a (prescribing the elements of criminal attempt).

At his sentencing hearing, Bailes testified that he had "forgotten" about the marijuana in his pocket and that he never intended to bring marijuana onto the RCCC's grounds because his only purpose was to deliver a friend to the facility to self-surrender. The district court, however, did not credit his statement that he had forgotten about the marijuana, and found that Bailes's own testimony indicates that he intended to enter the RCCC's parking lot, which was part of its grounds and was marked by a plainly visible sign warning of § 4573. The *reasons* that Bailes had for entering upon RCCC property in no way controvert the fact of his *intention* to enter upon the property. Thus, the evidence in this case is more than sufficient to support the district court's finding that Bailes had the specific intent both to possess a controlled substance and to bring it onto RCCC property.

Similarly, Bailes's argument that his conduct amounted to something less than a direct act is plainly at odds with his own testimony. Bailes testified under

3

oath that he fully intended to enter upon RCCC property and, but for the deputy at the gatehouse, would have done so, marijuana in pocket. Where such a design is clearly shown, even slight acts in furtherance of a design to commit a crime constitute a bona fide attempt. *People v. Superior Court*, 157 P.3d 1017, 1022 (Cal. 2007).

The sentence imposed by the district court is

**AFFIRMED.**