**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30028 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05523-RBL |
| v. | |
| ELIJAH DARLEY L. WILLIAMS, a.k.a. Daryl Lamond Peters, a.k.a. Elijah Darryl-Lamon Peters, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Elijah Darley L. Williams appeals from the 48-month sentence imposed

following his guilty-plea conviction for being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1).  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Williams contends that the district court procedurally erred by failing to address his departure requests and mitigation arguments, and by failing to explain adequately the sentence. The district court did not procedurally err, as the record reflects that the district court listened to and considered Williams' arguments, but found the circumstances insufficient to warrant a sentence lower than the one imposed. *See United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc).

Williams next contends that the district court clearly erred by relying on unproven facts regarding domestic violence, and by failing to hold the government to any burden of proof with regard to those facts. This contention lacks merit because Williams failed to object to the facts set forth in the presentence report ("PSR"), and the district court was not required to make any factual findings. *See United States v. Charlesworth*, 217 F.3d 1155, 1160-61 (9th Cir. 2000); *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) ("Of course, the district court may rely on undisputed statements in the PSR at sentencing.").

Finally, Williams contends that the sentence is substantively unreasonable because the district court placed undue weight on the seriousness of the offense. In light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), the above-Guidelines sentence is substantively reasonable.

*See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Mohamed*, 459 F.3d 979, 988 (9th Cir. 2006) (sentence 42 months above the Guidelines range was reasonable where, *inter alia*, the district court explicitly noted that it had examined the nature and circumstances of the offense and concluded that the Guidelines did not accurately reflect the seriousness of the defendant's crime).

**AFFIRMED.**