**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50189 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01003-ODW-1 |
| v. | |
| TANYA BRAZIER MORRIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted June 6, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Tanya Brazier Morris pled guilty to one count of theft of government

property in violation of 18 U.S.C. § 641 for filing a fraudulent Federal Emergency

Management Agency (FEMA) relief application in the wake of Hurricane Katrina.

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

The district court calculated the recommended United States Sentencing Guidelines range as 24 to 30 months, but elected to depart upward. The court imposed a sentence of 37 months and restitution in the amount of $32,738.46. It also imposed a number of supervised release conditions, including several conditions authorizing the search and seizure of computers and computer-related devices used or owned by Morris. Morris appeals, arguing that the district court committed numerous procedural and substantive errors. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morris argues that the district court erred by including in the loss calculation for sentencing and restitution purposes a fraudulent disaster relief loan application filed by her mother with the Small Business Administration (SBA). The district court did not abuse its discretion by including the SBA fraud as "relevant conduct" under U.S.S.G. § 1B1.3(a)(1) when it calculated the total amount of loss caused by Morris's fraud. Morris did not object to the factual statements in the presentence report (PSR) that "Morris instructed and helped her mother" to complete the loan application, and that she "provided additional FEMA forms to her mother and asked her to fill them out." Because Morris did not object to the PSR's findings, the district court was not required to make a factual finding as to whether Morris indeed instructed and helped her mother to complete the SBA application. *See*

2

*United States v. Charlesworth*, 217 F.3d 1155, 1160 (9th Cir. 2000). The uncontradicted statements in the PSR concerning Morris's role in the SBA fraud sufficiently supported the district court's conclusion that Morris aided and abetted the SBA loan application, especially as Morris never contested her intent.[1]

Morris's participation in the SBA loan was also sufficiently close in "similarity, regularity, and temporal proximity to the charged offenses" to allow the district court to include the loan in the loss calculation. *United States v. King*, 200 F.3d 1207, 1216 (9th Cir. 1999) (quotation marks omitted). Morris submitted or aided in the submission of fraudulent relief claims in the wake of Hurricane Katrina in an effort to steal disaster relief funds from the government; Morris's role in both the FEMA fraud and the SBA loan induced the government to deposit money in her mother's bank account; and Morris assisted her mother in the SBA loan fraud during the same period that Morris continued to communicate with FEMA to further her own fraudulent relief application.

---

[1]The PSR's rejection of a leadership role enhancement because Morris "merely assisted" her mother does not imply that Morris's conduct did not rise to the level of aiding and abetting. A leadership enhancement requires a different showing from aiding and abetting, specifically that the defendant exercised control over others. *See United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012) ("[C]onduct which may have been integral to the success of the criminal enterprise, or conduct that reflects a high degree of culpability, [is] insufficient to support a leadership enhancement unless the defendant also exercised the requisite control over others." (citations omitted)).

Morris concedes that her plea agreement makes her "responsible for restitution to the extent of relevant conduct;" therefore the district court did not err by including the outstanding loan amount in the restitution order.

The district court did not procedurally err when it noted that Morris's culpability arose in part from the Katrina victims she indirectly targeted. While Morris stole money that belonged to the government, rather than to individual hurricane victims, the court was not clearly incorrect in noting that the funds the government appropriates for disaster relief are not unlimited. Nor did the court procedurally err by distinguishing between Morris's conduct in targeting federal relief funds set aside for the victims of a devastating hurricane and the actions of persons who embezzle funds from a large corporation.

The district court did not plainly err by departing from the recommended Guidelines range. "We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Although the district court started its § 3553 analysis from an erroneous range, it then properly calculated the correct Guidelines range, explicitly stated it had taken the correct range into account, and discussed at length its reasons for varying from the Guidelines and its weighing of the 18 U.S.C. § 3553(a) factors. Morris has not

4

shown any plain error that affected her substantial rights and seriously affected the fairness, integrity, or public reputation of the proceedings below. *Cf. United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011).

Nor did the district court plainly err in imposing computer search conditions as part of Morris's supervised release. "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003). Morris has cited no authority that clearly supports her argument that a suspicionless computer search-and-seizure condition may not be imposed on a defendant who only tangentially made use of a computer in the course of her crime, nor authority that holds that the district court's computer search conditions are impermissibly broad. Moreover, *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) upheld a more expansive supervised release condition requiring that "the defendant shall submit person and property to search and seizure at any time of the day or night by any law enforcement officer, with or without a warrant." Morris's challenge cannot succeed in light of both her extensive history of fraudulent criminal activity as well the challenged conditions' more limited imposition on her liberty than those imposed in *Betts*. *Id.* ("[T]here is no room for treating the search condition in this case as an abuse of discretion.") (citing *Samson*

5

*v. California*, 547 U.S. 843 (2006) (upholding California's blanket parole

condition allowing for suspicionless searches)).

AFFIRMED.