**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50515 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00027-SVW |
| v. | |
| EKUNDAYO AYO ERHABOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ekundayo Ayo Erhabor appeals from the district court's judgment and

challenges the restitution order and 36-month sentence imposed following his

guilty-plea conviction for wire fraud, in violation of 18 U.S.C. § 1343.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Erhabor contends that there was insufficient evidence to support the district court's loss calculation of $260,641.37 under U.S.S.G. § 2B1.1 and restitution order in the amount of $184,334.08. The record reflects that the district court did not clearly err in calculating the amount of loss in light of Erhabor's factual admissions in his plea agreement and the uncontradicted evidence in the presentence report. *See United States v. Showalter*, 569 F.3d 1150, 1161 (9th Cir. 2009) (stipulation in plea agreement provides a sufficient basis for an enhancement); *United States v. Charlesworth*, 217 F.3d 1155, 1160-61 (9th Cir. 2000) (district court can rely on an unchallenged portion of a presentence report). Similarly, because Erharbor did not contest the assertion in the presentence report that restitution should be awarded in the amount of $184,334.08, the district court did not abuse its discretion in imposing the restitution award. *See United States Yeung*, 672 F.3d 594, 600 (9th Cir. 2012); *Charlesworth*, 217 F.3d at 1160-61.

Erhabor also contends that the district court procedurally erred by miscalculating the Guidelines range and by failing to give an adequate explanation for the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court accurately calculated the Guidelines and sufficiently

explained the sentence.

Erhabor further contends that his sentence is substantively unreasonable given the applicable Guidelines range. The district court did not abuse its discretion in imposing Erhabor's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the duration of the scheme and the various fraudulent activities undertaken by Erhabor to perpetuate the fraud. *See id.*

Erhabor also contends that trial counsel was ineffective for not adequately objecting to the loss amount and restitution order. We decline to address this contention on direct appeal. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).

**AFFIRMED.**