**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50137 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:18-cr-04570-LAB-1 |
| MANUEL VILLARREAL IV, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted May 8, 2020[**]
Pasadena, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and STEIN,[***] District Judge.

Defendant-Appellant Manuel Villarreal IV was charged with and pleaded

guilty to bringing an undocumented immigrant into the United States without

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

presenting him to an immigration officer at a port of entry pursuant to 8 U.S.C. § 1324(a)(2)(B)(iii). The probation officer's pre-sentence report ("PSR") recommended: (1) an enhancement under U.S.S.G § 2L1.1(b)(6) because Villarreal "intentionally or recklessly created a substantial risk of death or serious bodily injury to another person"; and (2) an upward departure under U.S.S.G. § 4A1.3, based on Villarreal's underrepresented criminal history. The district court adopted the PSR's recommendations and imposed a thirty-month custodial sentence, the high end of the PSR's recommended guideline range. Villarreal now appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1.     The district court did not err in applying a substantial risk enhancement under U.S.S.G § 2L1.1(b)(6) by failing to make a finding on the record that Villareal acted intentionally or recklessly. The PSR specifically concluded that Villarreal intentionally or recklessly created the substantial risk of harm. Villarreal objected to the enhancement only on the basis that the compartment he used to transport the undocumented person did not create a substantial risk of harm to that person. He did not, however, object to, challenge, or bring to the court's attention the PSR's finding that he acted intentionally or recklessly. The district court overruled Villarreal's sole objection, finding that Villarreal substantially risked harm to the person that Villarreal unlawfully

2

transported.  Because Villarreal did not object to the PSR's statements about whether he acted with the requisite *mens rea*, the district court did not err in failing to make a finding about that undisputed portion of the PSR.  *See* Fed. R. Crim. P. 32(i)(3)(A); *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc); *United States v. Charlesworth*, 217 F.3d 1155, 1160 (9th Cir. 2000).

2.    The district court did not err in declining to credit mitigating evidence from Villarreal's childhood while considering Villareal's criminal record from the same time period for an upward departure.  The court considered both Villarreal's lengthy criminal history, including his juvenile convictions, and the mitigating evidence from his childhood.  However, the court concluded that the childhood mitigating evidence did not justify or outweigh Villarreal's continued criminal behavior through adulthood.  The court's sentence was not based on a clearly erroneous factual finding, and the court properly exercised its discretion in considering and weighing this evidence at sentencing.  *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED**.